IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[2] MARTIN RAFAEL ALMONTE-ALMONTE,
Defendant.

CRIMINAL NO. 21-088 (FAB)

Received & Filed November 8, 2021 11:30 p.m. OF

# PLEA AND FORFEITURE AGREEMENT

(Fed.R.Crim.P. 11(c)(1)(B))

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Martin Rafael Almonte-Almonte, and Defendant's counsel, Joseph A Boucher-Martinez, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:



**1. Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

Count One charges that in or about March 2021, from the Republic of Venezuela, and elsewhere, the defendants herein, knowingly and intentionally combined, conspired, confederated and agreed with each other and other persons, known and unknown, to import into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code,

Section 952(a). All in violation of Title 21, United States Code, Section 963.

**2. Stipulation as to the Amount of Narcotics**

The United States of America and the defendant stipulate for purposes of this Plea Agreement that the defendant shall be accountable for conspiring to import into the customs territory of the United States, from a place outside thereof, at least one hundred fifty (150) kilograms but less than four hundred fifty (450) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

**3. Maximum Penalties**

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of at least ten (10) years, but not more than life pursuant to 21 U.S.C. § 841(b)(1)(A), a fine not to exceed $10,000,000 pursuant to 21 U.S.C. § 841(b)(1)(A), and a supervised release term of at least five years pursuant to 21 U.S.C. § 841(b)(1)(A).



**4. Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

**5. Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

**6. Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

**7. Sentence to be Determined by the Court**

DPR

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.



**8. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges

that the Court is not required to accept those recommended Guidelines calculations.

| **SENTENCING GUIDELINES CALCULATIONS COUNT ONE 21 U.S.C. § 963** | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to USSG §2D1.1(c)(2) | | | | | 36 |
| Acceptance of Responsibility pursuant to USSG §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **33** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 135–168 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 |

**9. Sentence Recommendation**

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the defendant may recommend a sentence of imprisonment of no less one hundred thirty-five (135) months and the government may recommend a sentence of imprisonment of no more than one hundred sixty-eight (168) months.



The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

**10. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

**11. Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 168 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**12. No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.



**13. Satisfaction with Counsel**

Defendant is satisfied with counsel, Joseph A Boucher-Martinez, Esq., and asserts that counsel has rendered effective legal assistance.

**14. Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

DPR

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.



e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**15. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and

accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**16. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17. Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

DPR

**18. Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**19. Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

**20. Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**21. Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.



**22. Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**23. Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

**24. Forfeiture Provision**

Pursuant to Title 21, United States Code, Sections 853 and 970, Defendant agrees to waive and forgo any interests or claims over any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of violation of Title 21, United States Code, Section 963, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation.

DPR

Defendant agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.



Defendant further agrees to waive all constitutional and statutory challenges in

any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

Max Pérez-Bouret
Assistant U.S. Attorney
Chief, Transnational Organized Crime Section
Dated: 5/10/21

José A. Contreras
Assistant U.S. Attorney
Dated: 5/6/21

Joseph A Boucher-Martinez, Esq.
Counsel for Defendant
Dated: ____________

Martin Rafael Almonte-Almonte
Defendant
Dated: 11/5/21

DPR

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 11/8/21

Martin Rafael Almonte-Almonte
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 11/8/21

Joseph A Boucher-Martinez
Counsel for Defendant

**STIPULATION OF FACTS**

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Martin Rafael Almonte-Almonte admits that Defendant is guilty as charged in the Indictment and admits the following:

On March 13, 2021, at approximately 7:00 pm, Puerto Rico Police Bureau (PRPB) Agents with Fuerzas de Unidas de Rapidas Accion (FURA) of Guayama were conducting a routine patrol in the vicinity of Arroyo, Puerto Rico. The Agents observed a discrepancy on their radar approximately three nautical miles offshore. Upon further investigation, the Agents observed a yola-type go-fast vessel with two outboard engines traveling without lights. The Agents activated their law enforcement lights, approached the vessel, and observed in plain view two individuals, later identified as Defendant and co-defendant, and 14 bales of suspected narcotics, onboard the vessel.



The FURA Agents boarded the vessel and arrested the Defendant and co-defendant. Both individuals had identification on them indicating that they were nationals of the Dominican Republic.

The following items were seized from the vessel: one Garmin GPS device, one Apple iPhone 6 cellular telephone, miscellaneous personal items, gas tanks, and 14 bales containing multi-kilograms of cocaine.

On March 14, 2021, Drug Enforcement Administration (DEA) Agents interviewed the Defendant after advising him of his Miranda rights. The Defendant

waived his rights and stated he entered into an agreement with another individual to transport the cocaine from Venezuela to Puerto Rico on the yola-type go-fast vessel.

The Defendant agrees that he conspired to import into the customs territory of the United States, from a place outside thereof, at least one hundred fifty (150) kilograms but less than four hundred fifty (450) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Martin Rafael Almonte-Almonte is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

DPR

José A. Contreras
Assistant U.S. Attorney
Dated: 5/6/21

Joseph A Boucher-Martinez, Esq.
Counsel for Defendant
Dated: 11/8/21

MARTIN A Almonte A
Martin Rafael Almonte-Almonte
Defendant
Dated: 11/8/21